Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

Amarillo Division



| | |
|---|---|
| DAVID E. KATES<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br><br>UNITED STATES OF AMERICA<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 2:97-CR-0007<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☒ Yes  ☐ No<br><br>**2-21CV-125-Z** |

## COMPLAINT FOR A CIVIL CASE

### I.   The Parties to This Complaint

   **A.   The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | DAVID KATES |
   | Street Address | 2504 REDONDO DRIVE |
   | City and County | AMARILLO, POTTER |
   | State and Zip Code | TEXAS, 79107 |
   | Telephone Number | (806) 381-1761  (469) 668-6591 |
   | E-mail Address | dekates63@gmail.com |

   **B.   The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of

Defendant No. 1
- Name
- Job or Title *(if known)*
- Street Address — N/A
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 2
- Name
- Job or Title *(if known)*
- Street Address
- City and County — N/A
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 3
- Name
- Job or Title *(if known)*
- Street Address
- City and County — N/A
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Defendant No. 4
- Name
- Job or Title *(if known)*
- Street Address
- City and County — N/A
- State and Zip Code
- Telephone Number
- E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.   If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_28 U.S.C. 1331, U.S. Constitution 8th amendment_

**B.   If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* __N/A__ , is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* __N/A__ , is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* __N/A__ , is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* ____N/A____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_Prolong abritary detention / illegal detainment SEE attachment pg. 3_

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_SEE attachment pg. 4_

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 23, 2021

Signature of Plaintiff: *David E. Kates*
Printed Name of Plaintiff: DAVID E. Kates

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

3. Statement of Claim;

Prolong abritary detention, (i.e.) illegal detention for any prison time/confinement past 10 years or 120 months at 85%. The record will reflect along w/ evidence submitted in this civil case that Mr. Hates was not a career offender under 4B1.1 of the 1997 U.S.S.G. United States Sentencing Guidelines. Mr. Hates was given 30 years or 360 months based on this grave error, he served 22½ years or 270 months straight day for day in the custody of the (B.O.P.) Bureau of Prisons. Without the 4B1.1 career offender enhancement Mr. Hates guideline sentence was 5 yrs. 10 months for his drug amount of 19.67 grams, then raised to 10 yrs or 120 months based on the 851 enhancement filed by the U.S. Attorney office. Any time after the 120 month sentence, which would of been completed around March of 2006, constitue, prolong abritary detention/illegal detainment especially when the U.S. Government, Courts and probation department knew of this error and failed to correct it, as evident in the documents presented herein as Evidence by Mr. Hates. Also [SEE Transcripts] Sentencing

4. Relief Requested

Plaintiff precisely and specifically ask the court for compensatory and punitive damages in the amount of $50,000 dollars per year for every year Mr. Hates was detained illegaly, which is currently (14) years, this compensatory amount is based on Mr. Hates being free for those years with the opportunity to be employed full time over that 14-yr. span, also w/ the possibilty of wage increases and job promotion. Mr. Hates also ask the court for punitive damages in the amount of $420,000 dollars for his pain, suffering and mental anguish for this 14-year span of abritary detention in the B.O.P. custody without just cause. The wrongs alleged are continuing at this time due to I am currently serving an 8-year term of supervise release on this erroneous 30-year sentence, in custody now on a possible violation on this 8-year term, when the record and evidence herein reflect that this entire 30 year sentence and 8 year supervise release is finished, unwarranted and should be expunged completely. Based on 22½ years of incarceration 14 years extra/over. Mr. Hates ask the court that he reserve his rights to bring up additional claims as they become known thru discovery!

Note: Mr. Hates sentence was reduced from 360 months to 280 in 2019, yet his 8 yr. supervise release stayed the same.

# "1997 Guidelines"

# "EVIDENCE"

# "1997 Guidelines"

To: Case Manager Booth
FROM: David E. Mates #30428-077
Subject: Error in P.S.I.

The 1997 U.S.S.G. Manual was used in my case, under the "related cases doctrine" of 4A1.2(a) there is a 3-prong test.

4A1.2(a) state "For prior sentences to be related and treated as one sentence, they have to fit one of these three prongs."
1) Happen on the same occasion         Mr. Booth I can show
2) Consolidated for trial or sentencing  < prove #3
3) Part of a common scheme or plan

1B1.3(9)(A) of the 1997 U.S.S.G. Manual breaks down and interpret what constitutes a common scheme or plan it has a 4-prong test. [SEE exhibit D-1]
1) common victims
2) common purpose           < Mr. Booth I can show
3) common accomplices         and prove 3 of these prongs
4) similar modus operandi      even though only 1 is required!

To make it simple for everyone I provided evidence for #1 [SEE Exhibit-C] which are copies of my priors convictions (via) state indictments, showing the "same victims" C.I. Danni Winzer on May 11 & May 18 1991.

Mr. Booth this breakdown easily verify, show and prove my only two prior convictions are related under the 1997 guidelines and cannot be used for enhancement purposes.

My 4B1.1 career offender enhancement which raise my sentence to 30-years was based on those 2-priors, once this error is acknowledge & corrected, the correction reduces my sentence to 10-years & time served!!

Exhibit B

# UNITED STATES DISTRICT COURT
## U.S. PROBATION
### NORTHERN DISTRICT OF TEXAS

**MITSI WESTENDORFF**
CHIEF
**SHARON STEWART**
**GLENN MELLINGER**
DEPUTY CHIEFS

May 7, 2015

1205 TEXAS AVENUE
ROOM 106
LUBBOCK, TX 79401
806/472-7001

D. Pilant, Unit Manager
FCI McDowell
P.O. Box 1029
Welch, West Virginia 24801

RE: **David Kates, Reg No. 30428-177**

Dear Unit Manager Pilant:

Mr. Kates has submitted multiple Court filings and letters to this officer regarding this issue. In communication with the Pro Se attorney assigned to the U.S. District Court, Northern District of Texas, Amarillo Division, we have been advised to relay to Mr. Kates that we are unable to submit documents on his behalf to the Court and that we should not discuss the merits of the matter with him. Mr. Kates has been advised that any motions or material for argument for the Court need to be prepared by an attorney or himself pro se and that our office cannot act as his attorney in this matter.

Thank you for consideration in this matter, and if I can be any further assistance, please feel free to contact me at 806-472-1145 or 806-337-1752.

Sincerely,

Wayne McKim
Supervising U.S. Probation Officer

1.) The inquiry *never* ask anyone to submit documents.
2.) The inquiry *never* ask anyone to discuss merits.
3.) The inquiry *never* ask if I needed an attorney.
4.) The inquiry *never* ask for pro-se advice.
5.) The inquiry *never* ask the U.S.P.O. to act as my attorney.

NOTE: As you can see from the U.S.P.O. response they were *evasive* and never address the issue on the error!

Case 2:97-cr-00042-J   Document 247   Filed 09/24/10   Page 9 of 19   PageID 997

*Exhibit - C*

Offense: DELIVERY OF CONTROLLED SUBSTANCE

Name of Defendant: DAVID EARL KATES

Cause No. 30,442-A

FILED
CINDY GROOMER
DISTRICT CLERK

Oct 3  6 10 PM '91

POTTER COUNTY, TEXAS

BY _____, DEPUTY

## INDICTMENT

In the name and by the Authority of the State of Texas:

THE GRAND JURORS for the County of Potter, State aforesaid, duly organized, impaneled and sworn as such at the JULY Term A.D., 1991, of the District Court of the 181ST Judicial District, in and for said county, upon their oaths in said Court present that DAVID EARL KATES hereinafter called defendant, on or about the 18th day of May, 1991 and anterior to the presentment of this indictment, in the County of Potter and State of Texas, knowingly and intentionally deliver by actual transfer to DANNI WINZER a controlled substance, to-wit: cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of less than 28 grams,

against the peace and dignity of the state.

_____
Foreman of the Grand Jury

I, Caroline Woodburn, Clerk of the District Courts and County Courts at Law, in and for Potter County, Texas, do hereby certify that the foregoing instrument is a correct copy of the original on file in this office.
ATTESTED this ___ day of _____

Exhibit C-1

Offense: DELIVERY OF CONTROLLED SUBSTANCE

Name of Defendant: DAVID EARL KATES

Cause No. 30,354-A

FILED
CINDY GROOMER
DISTRICT CLERK

SEP 5  2 30 PM '91

POTTER COUNTY, TEXAS

BY _____, DEPUTY

## INDICTMENT

In the name and by the Authority of the State of Texas:

THE GRAND JURORS for the County of Potter, State aforesaid, duly organized, impaneled and sworn as such at the JULY Term A.D., 1991, of the District Court of the 181ST Judicial District, in and for said county, upon their oaths in said Court present that DAVID EARL KATES hereinafter called defendant on or about the 11th day of May, 1991 and anterior to the presentment of this indictment, in the County of Potter and State of Texas, knowingly and intentionally deliver by actual transfer to DANNI WINZER a controlled substance, to wit: cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of less than 28 grams,

against the peace and dignity of the state.

_____
Foreman of the Grand Jury

I, Caroline Woodburn, Clerk of the District Courts and County Courts at Law, in and for Potter County, Texas, do hereby certify that the foregoing instrument is a correct copy of the original on file in this office
ATTESTED this ___ day of _____, 20__
By _____ Deputy

*Exhibit D-1 Front pg. only*

§1B1.3                              GUIDELINES MANUAL                              November 1, 2008

Note, however, in certain cases, offense conduct associated with a previously imposed sentence may be expressly charged in the offense of conviction. Unless otherwise provided, such conduct will be considered relevant conduct under subsection (a)(1), not (a)(2).

✳ 9.  "*Common scheme or plan*" and "*same course of conduct*" are two closely related concepts.

> *This → breaks down what constitutes common scheme or plan (B) and no outside interpretation is needed (i.e.) mine, U.S. government, probation dept etc.*

   (A)  *Common scheme or plan*. For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by <u>at least one common factor</u>, such as <u>common victims</u>, common accomplices, <u>common purpose</u>, or similar <u>modus operandi</u>. For example, the conduct of five defendants who together defrauded a group of investors by computer manipulations that unlawfully transferred funds over an eighteen-month period would qualify as a common scheme or plan on the basis of any of the above listed factors; *i.e.*, the commonality of victims (the same investors were defrauded on an ongoing basis), commonality of offenders (the conduct constituted an ongoing conspiracy), commonality of purpose (to defraud the group of investors), or similarity of <u>modus operandi</u> (the same or similar computer manipulations were used to execute the scheme).

   (B)  <u>Same course of conduct</u>. Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the <u>same course of conduct</u> include the <u>degree of similarity of the offenses</u>, the regularity (<u>repetitions</u>) <u>of the offenses</u>, and the <u>time interval between the offenses</u>. When one of the above factors is absent, a stronger presence of at least one of the other factors is required. For example, where the conduct alleged to be relevant is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity. The nature of the offenses may also be a relevant consideration (*e.g.*, a defendant's failure to file tax returns in three consecutive years appropriately would be considered as part of the same course of conduct because such returns are only required at yearly intervals).

10. In the case of solicitation, misprision, or accessory after the fact, the conduct for which the defendant is accountable includes all conduct relevant to determining the offense level for the underlying offense that was known, or reasonably should have been known, by the defendant.

<u>Background</u>: This section prescribes rules for determining the applicable guideline sentencing range, whereas §1B1.4 (Information to be Used in Imposing Sentence) governs the range of information that the court may consider in adjudging sentence once the guideline sentencing range has been determined. Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range. The range of information that may be considered at sentencing is broader than the range of information upon which the applicable sentencing range is determined.

Subsection (a) establishes a rule of construction by specifying, in the absence of more explicit instructions in the context of a specific guideline, the range of conduct that is relevant to determining the applicable offense level

Case 2:97-cr-00042-J   Document 247   Filed 09/24/10   Page 17 of 19   PageID 1005

*Exhibit-E*

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline/Points | |
|---|---|---|---|---|---|
| 24. | 05/31/91 (Age 28) | Delivery of a Controlled Substance 30354-A 47th District Court Potter County, Texas | 03/24/92: 10 years deferred adjudication 08/23/93: Revoked 10 years Texas Department of Criminal Justice Institution Division | USSG § 4A1.1(a) | 3 |

The defendant pled guilty to the offense. The offense involved the defendant making a delivery of cocaine less than 28 grams to a person working in an undercover capacity on May 11, 1991.

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline/Points | |
|---|---|---|---|---|---|
| 25. | 05/31/91 (Age 28) | Delivery of a Controlled Substance 30442-A 47th District Court Potter County, Texas | 03/24/92: 10 years probation 08/23/93: Revoked 10 years Texas Department of Criminal Justice Institution Division | USSG § 4A1.1(a) | 3 |

The offense involved the defendant making a delivery of cocaine less than 28 grams to an undercover officer on May 18, 1991. The defendant's probation 30442-A and deferred adjudication probation 30354-A was revoked based on the defendant's failure to pay probation fees and his involvement with another delivery of controlled substance that occurred November 12, 1992, which was filed as a violation of probation, however, there is no information that additional charges were filed. The defendant was paroled on the above two cases on January 2, 1997. A parole violator's warrant has been issued in reference to the instant offense, warrant number 9-23-97-648737 is active.

Criminal History Computation

26. The adult criminal convictions above result in a subtotal criminal history score of 6.

27. The defendant committed the instant offense while under a criminal justice sentence of parole, Case No.'s 30354-A and 30442-A. Two criminal history points are added. USSG § 4A1.1(d).

Exhibit A



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Institution

P.O. Box 1029
Welch, West Virginia 24801

April 21, 2015

Mitsi Westendorff
United States Probation
Northern District of Texas
Earle Cabell Federal Bldg.
& U.S. Courthouse
1100 Commerce Street, Room 1329
Dallas, TX  75242

RE:   Kates, David
      Register No: 30428-077
      Docket No.: 2:97-CR-042-(01)

Dear Ms. Westendorff

   Inmate David Kates is challenging the accuracy of his Presentence Investigation Report. Federal Bureau of Prisons' Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, outlines procedures Unit Team staff are to follow when an inmate challenges information contained in the Pre-sentence Investigation Report. Section fifteen (15c) of this Program Statement provides that an inmate's Unit Team shall take reasonable steps to ensure the accuracy of challenged information, which contains sufficient supporting documentation provided by the inmate, when that information is capable of being verified.

   Specifically, inmate Kates is challenging the information in his Presentence Report concerning the calculation of his Criminal History Computation. He states his score was based upon incorrect sentencing guidelines, and therefore, his Criminal History Score is incorrect. His supporting documentation and examples are included in this correspondence for your review and response.

   Please evaluate the enclosed documentation provided by inmate Kates and determine the validity of his challenge to information contained in his Pre-sentence Investigation Report. Please forward a written response of your findings to my attention to include in the inmate's Central File.

   Thank you for your consideration in this matter, and if I can be of any further assistance, please feel free to contact me at (304) 436-7520

Sincerely,

D. Pilant
Unit Manager

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

**PRIORITY MAIL**
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRESS FIRMLY TO SEAL

**PRIORITY MAIL**

FROM: David E Kates
Randall County Jail
9100 S. Georgia Street
Amarillo TX, 79118

TO: Jim Jones Federal
Building
205 SE 5th Ave
Amarillo TX 79101

RECEIVED
JUL -1 2021
CLERK U.S. DISTRICT COURT
DISTRICT OF TEXAS

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

---

US POSTAGE PAID
$7.95
Origin: 79116
06/30/21
4802280275-08

PRIORITY MAIL 1-DAY®
0 Lb 8.20 Oz
1006
C002

EXPECTED DELIVERY DAY: 07/01/21

SHIP TO:
205 SE 5TH AVE
Amarillo TX 79101-1559

USPS TRACKING® #

9505 5114 4198 1181 5235 64

USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2